LABARGA, J.,
dissenting.
Because I conclude that section 324.021(9)(b)2, Florida Statutes (2007), imposes financial responsibility requirements, I respectfully dissent from the majority’s holding that the statute is preempted by the Graves Amendment. Section 324.021(9)(b)2 can be fairly interpreted as a financial responsibility statute, and such an interpretation is appropriate even in the absence of an express mandate of bodily injury liability and property damage insurance or similar coverage.
Preliminarily, one needs to look no further than the title of chapter 324, Florida Statutes, to reach the conclusion that section 324.021(9)(b)2 is a financial responsibility statute. The chapter is entitled “Financial Responsibility,” and the purpose of chapter 324, as set forth in section 324.011, Florida Statutes, is “to promote safety and provide financial security requirements for such owners or operators whose responsibility it is to recompense others for injury to person or property caused by the operation of a motor vehicle.” Moreover, section 324.021, which contains the subsection at issue, is entitled “Definitions; minimum insurance required.” (Emphasis added.)
Section 324.021(9)(b)2 provides that “[t]he lessor ... shall be deemed the owner of the motor vehicle for the purpose of determining liability for the operation of the vehicle or the acts of the operator in connection therewith.” In this case, Enterprise, as the lessor, is deemed the owner of the motor vehicle rented by Price and driven by Middleton. Section 324.021(9)(b)2 places Enterprise on clear notice that it is responsible for bodily injury compensation up to $100,000 per person and $300,000 per accident, as well as up to $50,000 for property damage. What is more, the statute explains that should the lessee or motor vehicle operator fail to maintain insurance with, at a minimum, combined limits of $500,000 for bodily injury and property damage, Enterprise is additionally responsible for up to that amount in economic damages. The clear import of section 324.021(9)(b)2 is that the ownerfiessor must maintain a sufficient level of financial responsibility to compensate a party injured by one of its motor vehicles.
Moreover, based on the language in sections 324.032(l)(b) and (2), Florida Statutes, it is readily apparent that section 324.021(9)(b)2 is to be read as a financial *1044 responsibility statute. These sections read:
324.032 Manner of proving financial responsibility; for-hire passenger transportation vehicles. — Notwithstanding the provisions of s. 324.031:
[[Image here]]
(1)(b) A person who is either the owner or a lessee required to maintain insurance under s. 32V021(9)(b) and who operates limousines, jitneys, or any other for-hire passenger vehicles, other than taxicabs, may prove financial responsibility by furnishing satisfactory evidence of holding a motor vehicle liability policy as defined in s. 324.031.
(2) An owner or a lessee who is required to maintain insurance under s. 32í.021(9)(b) and who operates at least 300 taxicabs, limousines, jitneys, or any other for-hire passenger transportation vehicles may provide financial responsibility by complying with the provisions of s. 324.171, such compliance to be demonstrated by maintaining at its principal place of business an audited financial statement, prepared in accordance with generally accepted accounting principles, and providing to the department a certification issued by a certified public accountant that the applicant’s net worth is at least equal to the requirements of s. 324.171 as determined by the Office of Insurance Regulation of the Financial Services Commission, including claims liabilities in an amount certified as adequate by a Fellow of the Casualty Actuarial Society.
§ 324.032, Fla. Stat. (2007). Section 324.032 clearly states that section 324.021(9)(b) compels certain owners to maintain insurance. The certain owners affected by the financial responsibility requirement contained in section 324.021(9)(b)2 are lessors who rent or lease motor vehicles for a period of less than one year and who enter into a rental agreement that does not require that the lessee obtain minimum insurance coverage of $100,000 per person and $300,000 per accident for bodily injury and $50,000 for property damage.
I agree with the conclusion reached by Judge Farmer in his dissenting opinion:
Section 324.021(9)(b) fixes financial responsibility through a liability insurance requirement. Section 324.021(9)(b) fixes minimum insurance requirements as the basis for eliminating vicarious responsibility of the Companies. They force the Companies to place these minimum insurance requirements in every lease or rental contract. If the Customer should fail to comply with the contract and have such insurance in effect, then the Company must itself have back-up coverage or face liability for the fault of the operator of the vehicle. Essentially, the Company’s only duty under this statute is to see that insurance is actually in effect at all times.
Vargas v. Enterprise Leasing Co., 993 So.2d 614, 633 (Fla. 4th DCA 2008) (Farmer, J., dissenting). I further concur with Judge Farmer’s conclusion that “[t]he text of the Graves Amendment makes obvious that its purpose was to end vicarious liability under the dangerous instrumentality doctrine but only while insisting on keeping intact State duties, responsibilities or liabilities requiring security for the payment of damages to victims of accidents. Hence vicarious liability could be abolished but not the role of the Companies to make certain an existing mechanism to provide security for the payment of damages.” Id. at 632. In enacting section 324.021(9), the Florida Legislature provided for such a mechanism which cannot reasonably be interpreted as anything other than a financial responsibility requirement.
Accordingly, because section 324.021(9)(b)2 is a financial responsibility *1045 statute, the savings clause in the Graves Amendment protects it from preemption. Therefore, I respectfully dissent.